CHARLA R. DUKE ESQ. SBN # 095518
LAW OFFICES OF CHARLA DUKE
360 GRAND AVENUE, SUITE 150
OAKLAND , CALIFORNIA 94610
Telephone (510) 839-5453
Fax (510) 839-0343
ATTORNEY FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE BRENDT-BARNETT, & SUSAN SILVERSTONE<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL BROKERAGE HOLDINGS, INC., DBA WASHINGTON MUTUAL BANK<br><br>Defendant. | Case No.: C06-05609 ADR (SI)<br><br>Civil Rights<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§ 54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH AND SAFETY CODE §§19955, ET SEQ.;. NEGLIGENCE; DECLARATORY RELIEF; DAMAGES<br><br>DEMAND FOR A JURY TRIAL |

## COMPLAINT

1.    Plaintiffs complain of Defendants herein and alleges that:

# I.  INTRODUCTION

This case is a civil rights action by  Plaintiffs,  **KATHERINE BREND-BARNETT,  &  SUSAN SILVERSTONE**  ("PLAINTIFFS") for discrimination arising out of the failure by Defendant **WASHINGTON MUTUAL BROKERAGE HOLDINGS INC.,  DBA WASHINGTON MUTUAL BANK (herein "DEFENDANTS")** to provide persons with disabilities the minimum legally required access to the WASHINGTON MUTUAL BANK facilities(the "FACILITIES" ) located at:

> .270 E. 18TH Street, Oakland, CA

> . 3310 International Blvd. Oakland, CA

> .18499 Hesperian, San Lorenzo , CA

> . 5050 Broadway, Oakland, CA

> .951 Marina Village Parkway, Alameda, CA

> .5393 Almaden Express way, San Jose , CA

> which facilities are owned, operated, controlled, leased and/or maintained

by  Defendant and DOES 1-20,  and each of them.

1.  The FACILITIES  constitute public facilities and public accommodations, within the meaning of the Health and Safety Code Section 19955 et seq, Part5.5, the Disabled Persons Act and the Unruh Act. 42U.S.C, Section 12101 et seq. DEFENDANTS have not brought the FACILITIES  within the statutory and regulatory requirements of the California State Building Code Part 1, Part 2 ("Title 24") and the Uniform Building Code ("UCB").

2.   PLAINTIFFS seek relief from this Court in the form of monetary, declaratory, punitive and injunctive relief against DEFENDANTS to end the ongoing discrimination pursuant to:

. Health ad safety Code Section 19955 et seq

. The Unruh Act, California Civil Code Section 51, 51.5, and 52

. The Disabled Persons Act, California Civil Code Section 54, 54.1, 54.3 and 55

3. The California Law, arising from the same nucleus of operative facts and

transactions, include:

. Health and Safety Code, Section 19955 et seq Part 5.5

. Unruh Civil Rights Act, California Civil Code Section 51, 51.5, and 52

. Disabled Persons Act, California Civil Code Section 54, 54.1, 54.3 and 55

Both the Unruh Civil Rights Act and the Disabled persons Act incorporate the ADA.

4. All actions complained of herein take place within the last nine months before the

filing of this complaint.

## II . JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

sections 1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With

Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq. Plaintiff's cause of action

across in this district, Under this doctrine of pendant and supplemental jurisdiction,

this Court has jurisdiction over Plaintiff's claims existing under California State Law.

## III. VENUE

6. Pursuant to 28 U.S.C. Sections 1391 (b), venue is proper in the District in which this

Complaint is filed, which is the judicial district in which the claim has arisen. WASHINGTON

MUTUAL BROKERAGE HOLDINGS, INC, DBA WASHINGTON MUTUAL BANK  is a

Corporation which owned, operated and  is doing business as public accommodations,

conducting business in  the City of OAKLAND, County of Alameda, State of California.

## IV.     PARTIES

7.    PLAINTIFFS are disability rights advocates whose purpose is to help eliminate

discrimination against individuals with disabilities by enforcing (under applicable

citizens suits provisions of civil rights laws)  in compliance with laws intended to

provide disabled persons with ready access (or "access with dignity") to housing, public buildings, banking, transportation, goods, and services. PLAINTIFFS' mission extends beyond enforcement to include educating persons with disabilities about the laws relating to them. As a result of their disabilities, certain accommodations are necessary to allow PLAINTIFFS access to public buildings, transportation, goods and services. PLAINTIFFS are physically disabled or "physically handicapped" persons who require use of a wheelchair, etc, to travel to public places.

8. PLAINTIFFS are "persons with physical disabilities" as defined by all applicable California and United Sates laws. PLAINTIFFS are individuals with physical disabilities within the meaning of all applicable statutes, including the ADA, 42 United States Code Section 12101, et seq., California civil Code Section 54 et seq., and California Health and safety Code section 19955, et seq.

9. Consequently, PLAINTIFFS are members of that portion of the public whose rights are protected by the provisions of the health and safety Code Part 5.5, the Unruh Civil Rights Act and the Disabled Persons Act.


10.   DEFENDANTS are owners, operators. Lessors and /or lessees of the FACILITIES. DEFENDANTS are, or consist of, a person or persons, firms or corporations.

11. PLAINTIFFS do not know the relative responsibilities of each DEFENDANT, and allege a joint venture and common enterprise by all DEFENDANTS.

12.  PLAINTIFFS are informed and believe that each DEFENDANT conspired to commit the acts described herein or, alternatively, aided and abetted one another in the wrongful acts hereinafter alleged.

13.    PLAINTIFFS do not know the true names of each Defendant, their business capacities, their ownership connection to the FACILITIES , or their relative responsibilities, and allege a joint venture and common enterprise by all such Defendants.

14.   PLAINTIFFS are informed and believe that each DEFENDANT is the agent

ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner and associated, or similar capacity of other DEFENDANTS. Accordingly, each DEFENDANT was acting , or failing to act within the scope of their authority.

## V.  FACTS

15. The FACILITY is a commercial facility, place of public accommodation, public facility , and /or other place the general public is invited.

16.  DEFENDANTS have actual knowledge that the FACILITY contains architectural barriers that make it inaccessible.

17. Ignoring Federal statutes and regulations, and contrary to elementary architectural design, DEFENDANTS failed to remove any architectural barriers at the FACILITY.

18. DEFENDANTS could make the facility  accessible by redesigning or modifying the facility; make reasonable modifications in policies, practices, or procedures, or take whatever steps are necessary to ensure individuals with physical disabilities, were not treated differently than other individuals. Within the last nine months before  the filing of this complaint, PLAINTIFFS  visited various WASHINGTON MUTUAL BANKS. It was each PLAINTIFF'S intent to handle banking business and other services offered by DEFENDANTS.  PLAINTIFFS will visit these facilities on a regular basis when  they come into compliance with state and federal law. PLAINTIFFS were denied equal access to these FACILITIES. PLAINTIFFS have encountered discriminatory conditions (in the form of architectural barriers to equal access in the form of policies, practices, and procedures of not providing obstruction free access at their various facilities all of which are under the DEFENDANTS control (whether by reason of ownership, operation, or through a leasing agreement).

19.  On various dates and times in  2006, PLAINTIFFS encountered discrimination at DEFENDANTS FACILITIES:

**270 E. 18th Street; ("Exhibit 1")** violations are as follows:

The words **"NO PARKING"** is not painted on the ground within access aisle, **1129 B.1&2 fig 23;** The words **"NO PARKING"** shall be painted on the ground within each 5'or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7

There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space. CBC1129B.5 fig 21.

There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21 California building code, Title 24, Part 2, Volume 1, Section 1129 B.5** states as follows:  Identification of Parking Spaces for Off-Street Parking. An additional sign shall also be posted in a conspicuous place at the entrance of off- street parking facilities, or immediately adjacent to and visible from each stall or space, /the sign shall not be less than 17inches by 22inches (432mm by 599mm) in size with lettering not less than 1inch (25mm) in height , which clearly and conspicuously states the following "Unauthorized vehiches parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at the owner's expense. Towed vehicles may be reclaimed at _____ or by telephoning _____. Black spaces are to be filled in with appropriate information as a permanent part of the sign.

 Also even though the bank has a security person to open the door, the bank personnel and the security guard do not enforce the "No Parking" in the loading zone for the disabled parking or make sure that the vehicle parked in the disabled parking stall do in fact have a disabled placard posted on the mirror of the vehicle in plain view.

**3310 International Blvd. Oakland, CA ("Exhibit 2")** the violations are as follows: There are steps at the rear entrance of the bank with no accessible route of travel to enter the bank. Americans with Disabilities Act Accessibility Guidelines (AADAAG) 4.6.3 states Parking Spaces. Accessible parking spaces shall be at least 96 in (2440mm) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with 4.3. To get to the front entrance a person can either travel through a one way gated car entrance, with a gate which can be open or locked or the person must travel around the whole block from the "accessible parking space".

The words **"NO PARKING"** is not painted on the ground within access aisle, **CBC 1129 B.1&2 fig 23;**

There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space. CBC1129B.5 fig 21.

 There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at_____ or by telephoning_____." CBC 1129B.5 Fig 21

**18499 Hesperian Blvd., San Lorenzo, California ("Exhibit 3")** the violations are as follows: There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space as required by CBC 1129B.5 fig 21.

There is no  clearly designated loading zone for Van Accessible parking although there is a sign stating van accessible parking. It is barely visible. Single/Van Parking Space Design CA T24 1129B.4.2) ADAAG 4.1.2(5)(b) One in every eight stalls (no

less than one) shall be served by an access aisle 96" wide min. placed opposite the driver's side and shall be designated Van Accessible Fig.9 There is no painted No parking on the access aisle. The words "NO PARKING" shall be painted on the ground within each 5' or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7 (CA T24 1129B.4.1&2   There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may **be towed away at owner's expense**. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21**

**5050 Broadway #3, Oakland, California ( "Exhibit 4")** the violations are as follows:  There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space as required by CBC 1129B.5 fig 21.
There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21**
There is no painted No parking on the access aisle. The words "NO PARKING" shall be painted on the ground within each 5' or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7 (CA T24 1129B.4.1&2

**951 Marina village Pkwy., Alameda, California ("Exhibit 5") violations**  are as There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space as required by CBC 1129B.5 fig 21.

There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21** There is no painted No parking on the access aisle. The words "NO PARKING" shall be painted on the ground within each 5' or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7 (CA T24 1129B.4.1&2

**5393 Almaden Expressway San Jose, California (Exhibit #7)**

There is no warning signage regarding unauthorized use of disabled parking spaces posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space as required by CBC 1129B.5 fig 21. There is no warning signage stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21** There is no painted No parking on the access aisle. The words "NO PARKING" shall be painted on the ground within each 5' or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7 (CA T24 1129B.4.1&2

20. Plaintiffs were also denied full and equal access under Federal and State Statutes during each visit to a FACILITY.

21. Despite these visits, PLAINTIFFS were also deterred from visiting the FACILITIES because of actual knowledge that full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the FACILITIES were not available to disabled person.

22. PLAINTIFFS have suffered, anticipate suffering, emotional harm during each actual visit to, or incident of deterrence from visiting the FACILITY.

23.  PLAINTIFFS would visit the FACILITIES, but for the future threat of discrimination by DEFENDANTS.

24.  PLAINTIFFS suffered physical discomfort, physical injury, emotional distress, mental  distress, mental suffering, mental anguish, which includes shame, humiliating, embarrassment, frustration, anger, chagrin, disappointment and worry, because of this discriminatory treatment.

25.  All the injuries suffered by PLAINTIFFS e expectedly and naturally associated with the denial of equal access to the FACILITIES due to the acts and actions of DEFENDANTS.

26.  PLAINTIFFS seek injunctive relief, which includes an order to make the FACILITIES readily accessible to, and usable by individuals with disabilities. This includes, but is not limited to, auxiliary aid or service, and the modifications of

27. Plaintiffs and each of them, went to the various locations of the Defendant s within the last nine months and Plaintiffs all found the FACILITES and each of the did not provide equal access to persons with disabilities and were in fact discriminatory conditions in the form of architectural barriers blocking access to persons using a wheelchair.

28. The violations at each facility  included but were not limited to parking violations including the word "NO PARKING is not painted on the ground or within the access aisle.1129B. fig 23 No warning signs regarding unauthorized use of disabled parking spaces posted in a conspicuous location at each site. CBC 1129.5 Fig. 21 No "VAN ACCESSIBLE " posted or mounted in the sign.  CBC 1129B.5.4.6.4 Fig 25; No warning  signage regarding unauthorized use of disable space and no placard or disabled license plate will result in towing vehicle at owners expense.

29. Also at some of the facilities the exterior doors were too heavy and a handicapped person would have to exceed 5 pounds maximum pressure to open the entrance door, CA T24 1133B.2.5 (ADA 4.13.11 (2) (a).

**FACTUAL ALLEGATIONS**

30**.** The Attorney General of the State of California believes that the former $1,000**.**00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practice of a large company.   Defendant may have had hundreds or thousands of transactions that **v**iolated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional four thousand dollars ( $4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4000.00.  See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by California Attorney General, Anti-Defamation League and California School Employees Association.

31.California's Unruh Civil Rights Act, Civil Code Section 52 (a) reads as follows: whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4000.00) , and any attorney's fees that may be determined by the court in addition thereto, suffered by and person denied the rights provided in Section 51, 51.5, or 51.6, Amended January 1st, 2002.

32.   The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty,</u> 216 F. 3rd 827 at 835 (June 20, 2002) held that, "Consumer was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual damages ", and proof of actual damages is not prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code § 52.  Plaintiffs **are** "physically handicapped" or physically disabled persons who were denied their rights to "full and equal access" to a public facility by Defendants, because they maintained and continue to operate public facilities which do not provide proper access for

physically disabled persons as required by law. These access deficiencies include but are not limited to:

**Signage**.

Required International Symbol of Accessibility signage directing users to and along an accessible route is not posted, required posted at every primary public entrance and every major junction along or leading to an accessible route of travel **[ADAAG 4.1.2(7), 4.30.1, 4.30.4, 4.30.5, 4.30.6, 4.30.7(1),** *CBC Title 24 1128B.3*

### SECTION 1127B  EXTERIOR ROUTES OF TRAVEL

**1127 B.3 Signs.** At every primary public entrance and at every major junction along or leading to an accessible route of travel, there shall be a sign displaying the international symbol of accessibility. Signs shall indicate the direction to accessible building entrances, and facilities and shall comply with the requirements found in Section 1117B.7 though 1117B.5.9

**Accessible Route of Travel. Section 1133B.1.1.1.1.** of the 2001 California Building Code, Title 24, Part 2, Volume 1 states, "All entrances and exterior ground floor exits doors to buildings and facilities shall be made accessible to persons with disabilities. Doorways shall have a minimum clear opening of 32 inches (813)mm) with the door open 90 degrees, measured between the face of the door and the opposite stop. Openings more than 24 inches (610mm) in depth shall comply with Section 1118B.1 and 1118B.2"

 **Parking. Section 1129B.1 General.** Each lot or parking structure where parking is provided for the public as clients, guests or employees, shall provide accessible parking as required by this section. Accessible parking spaces serving a particular  building shall be located on the shortest accessible route of travel from  adjacent parking to an accessible entrance. In parking facilities

that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. Americans with Disabilities Act Accessibility Guidelines (ADAAG) 4.1.2.(5) (a) If parking spaces are provided for self parking by employees, visitors, or both., then accessible spaces complying with 4.6 shall be provided in each such parking area in conformance with the table below. For every 1 to 25 spaces in the parking lot, one space shall be handicapped accessible. For every 25-50 spaces in the lot 2 handicapped accessible spaces shall be provided. Warning signage regarding unauthorized use of disabled parking spaces must be posted conspicuously at each entrance to off street parking facilities, or immediately adjacent to and visible from each stall or space as required by CBC 1129B.5 fig 21. Warning signage must be posted stating: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's **expense**. Towed vehicles may be reclaimed at_____ or by telephoning_____." **CBC 1129B.5 Fig 21** . The words "NO PARKING" shall be painted on the ground within each 5' or 8' loading and unloading access aisle in white letters no less than 12" high. Fig 7 (CA T24 1129B.4.1&2

33.     By this lawsuit, Plaintiffs seeks damages for the violation of their Civil Rights, and Plaintiffs also request that this Court grant injunctive relief, requiring the Defendants to comply with both California and United States laws requiring access to the and its facilities for physically disabled persons so long as Defendants operate the premises as a public facility. Plaintiffs and other physically disabled persons are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the ADA. Plaintiffs are members of that portion of the public

whose rights are protected by the provisions of ADA . The acts and omissions of the Defendants complained of herein were committed in the County of Alameda, State of California.

34. As the result of their negative experiences upon patronizing the **FACILITIES** described hereinabove, Plaintiffs suffered violations of their Civil Rights and of their statutory rights as disabled persons to full and equal access to public facilities and further suffered physical, mental and emotional pain, and suffered embarrassment, humiliation and emotional distress all to their damages as hereinafter prayed.

35. General Damage - As a result of the refusal by Defendants and each of them to comply with statutory requirements or otherwise provide reasonable access for disabled persons to the subject Public Accommodation. **Plaintiffs** were denied their rights to full and equal access to and use of public facilities and were discriminated against on the sole basis that they were physically disabled and used wheelchairs, and were unable to independently access the FACILITIES. Therefore Plaintiffs seek recovery in this lawsuit for all attorney's fees, litigation expenses and costs incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiffs additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

## FIRST CAUSE OF ACTION:
## VIOLATION OF DISABLED PERSONS ACT
## CIVIL CODE §§54, 54.1, 54.3 ET SEQ,
## DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS

36. Plaintiffs replead and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them herein as if separately replead.

37. At all times relevant to this action, California Civil Code §54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. This section provides that:

1       ….physically disabled persons shall be entitled to full and equal access, as other members
2   of the general public, to accommodations, advantages, airplanes, motor vehicles,…or any other
    public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places
3   of public accommodation and amusement or resort, and other places to which the general public
4   is invited, subject only to state or federal regulations, and applicable alike to all other persons.

5   38.     California Civil Code §54.3 provides that any person or corporation who denies or

6   interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1

7   is liable of EACH such offense for the actual damages and any amount up to a maximum of

8   these times the amount of actual damages, but in no case less than $4,000.00 and such attorneys'

9   fees that may be determined by the Court in addition thereto, suffered by any person denied any

10  of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

11  39.     Plaintiffs are persons within the meaning of Civil Code §54 and §54.1 whose

12  rights have  been infringed upon and violated by the Defendants as prescribed by §54.1. A

13  separate act in violation of §54.1 has been committed WHEN EVER Defendants knowingly and

14  willfully fail and refuse to provide full and equal access for physically disabled persons at **the**

15  **FACILITIES.** Plaintiffs have been denied full and equal access on an ongoing basis since filing

16   the Complaint.

17  40.     Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the

18  SECOND Cause of Action hereinbelow, the contents of which are replead and incorporated

19  herein, word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d)

20  California Civil Code, thus independently justifying an award of damages and injunctive relief

21  pursuant to California law.

22  41.     Plaintiffs have been damaged by Defendants' wrongful conduct and seeks the relief that is

23  afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiffs seek actual damages, treble

24  damages,  preliminary and injunctive relief to enjoin and eliminate the discriminatory practices

25  of Defendants disrespecting disabled persons, and for reasonable attorneys' fees, litigation

26  expenses and costs.

27  42.     The act and omission of Defendants as complained of continue on a day-to-day basis to

28  have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiffs and other

1    members of the public who are physically disabled from full and equal access to **Defendants**

2    FACILITIES. Such acts and omissions are the direct cause of humiliation and mental and

3    emotional suffering to Plaintiffs and that these actions treat Plaintiffs as inferior and second class

4    citizen and serve to discriminate against them on the sole basis that they are physically disabled

5    and unable to use and have access to public facilities of the Defendants on an equal basis to that

6    available to other persons, so long as the facilities fail to provide proper and legally required

7    access for disabled persons. Said acts have proximately caused and will continue to cause

8    irreparable injury to Plaintiff if not enjoined by this Court.

9    43.   WHEREFORE, Plaintiffs ask this Court to enjoin any continuing refusal by Defendants to

10   grant such access to Plaintiffs and to enjoin operation of the **their FACILTIES** as a public

11   facility and public place of business until Defendants comply with all applicable statutory

12   requirements related to access to the handicapped, and that the Court award statutory attorneys'

13   fees, litigation expenses and costs pursuant to Civil Code §55 and Code of Civil Procedure

14   §1021.5 and as further herein prayed for.

15

16        WHEREFORE, Plaintiffs pray for damages and injunctive relief as hereinafter stated.

17

18                    **SECOND CAUSE OF ACTION:**

19   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

20                        **42 USC §12101FF**

21   44.  Plaintiffs replead and incorporates by reference, as if fully set forth again herein, the factual

22   allegations contained in paragraphs 1 through 33 of this Complaint and incorporates them herein

23   as if separately replead.

24   45.   Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101

25   regarding physically disabled persons, finding that laws were needed to more fully protect "some

26   43 million Americans with one or more physical or mental disabilities; that historically society

27   has tended to isolate and segregate individuals with disabilities" and that "such forms of

28   discrimination against individuals with disabilities continue to be a serious and pervasive social

problem; that the nation's proper goals regarding individuals with disabilities are to assure

equality of opportunity, full participation, independent living and economic self sufficiency for

such individuals; and that the continuing existence of unfair and unnecessary discrimination and

prejudice denies people with disabilities the opportunity to compete on an equal basis and to

pursue those opportunities of which our free society is justifiably famous."

46.   Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101

(B)):

        (1)      It is the purpose of this act to provide a clear and comprehensive national mandate
for the elimination of discrimination against individuals with disabilities; (2) to provide clear,
strong, consistent, enforceable standards addressing discrimination against individuals with
disabilities; (3) to ensure that the Federal government plays a central role in enforcing the
standards established in this act on behalf of individuals with disabilities; and (4) to invoke the
sweep of Congressional authority, including the power to enforce the 14th Amendment and to
regulate commerce, in order to address the major areas of discrimination faced day to day by
people with disabilities.

47.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter the

"ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private

Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes of this

title were all businesses that offer any  service to the public. (See (§301(7)(F)).

48.   Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns,

leases, or leases to, or operates a place of public accommodation."

49.   Although the specific prohibitions against discrimination were included, in

§302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are

structural in nature, in existing facilities… where such removal is readily achievable;" and (v)

"where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

achievable, a failure to make such goods, services, facilities, privileges, advantages, or

accommodations available through alternative methods if such methods are "readily achievable."

The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA,"

1   Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The

2   standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.

3   50.   The removal of each of the barriers complained of by Plaintiffs as hereinabove alleged was

4   at all time after January 26, 1992 "readily achievable."  As noted hereinabove, removal of each

5   of the architectural barriers complained of were already required under existing California law.

6   Further, at all times since January 26, 1992, modification of or removal of each of the above

7   described individual barriers was "readily achievable" under the factors specified in §301(9) of

8   the Americans with Disabilities Act and regulations adopted pursuant to that section.  On

9   information and belief, Defendants failed to "address" any of these problems, even after

10  **Plaintiffs** difficulties in obtaining access were made clear to Defendants.

11  51.   Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished and

12  able to be carried out without much difficulty or expense."  Plaintiff alleges that each of the

13  items that Plaintiff has complained about hereinabove was and is "readily achievable" by the

14  Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at

15  all times since January 26, 1992.  Further, if it was not "readily achievable" for Defendants to

16  remove each of such barriers, Defendants have failed to make the required services available

17  through alternative methods, which were readily achievable.

18  52.   Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiffs are

19  entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

20  USC 2000(a) –3(a), as Plaintiffs are being subjected to discrimination on the basis of disability in

21  violation of this title or has reasonable grounds for believing that she is about to be subjected to

22  discrimination in violation of §302. Further, each violation of the ADA which Plaintiffs alleges

23  is occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and

24  §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3

25  Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil

26  Code.

27  53.   Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a

28  disability to engage in a futile gesture if such person has actually noticed that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that Defendants have continued to violate the law and deny the rights of Plaintiffs and of other disabled persons to access this public accommodation. Pursuant to §308 (b)(2)(A)(iv) … injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title." Plaintiff seeks such injunctive relief.

44   Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

WHEREFORE, Plaintiffs requests relief as set forth below.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS

1.      General and compensatory damages according to proof;

2.      Special and consequential damages according to proof;

3.      For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil Procedure, §19953 Health & Safety Code;

4.      For all costs of suit;

5.      For pre-judgment interest pursuant to §3291 of the Civil Code;

6.      That Defendants be preliminarily and permanently enjoined from operating and maintaining **Defendants** in violation of the Americans with Disabilities Act of 1990 or other regulations as are currently required by law;

7.      Such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE

1.      General and compensatory damages according to proof;

2.      All damages as afforded by Civil Code §54.3 for each day on which Defendants have denied to Plaintiff equal access for the disabled;

1    3.    Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil

2    Code, and §1021.5 Code of Civil Procedure;

3    4.    For all costs of suit;

4    5.    Pre-judgment interest pursuant to §3291 of the Civil Code;

5    6.    That Defendants be enjoined from operating the **Defendants** as a public accommodation

6    and facility open to the public, so long as disabled persons are not provided full and equal access

7    to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;

8    7.    Such other and further relief as the Court may deem just and proper.

9

10                                            //s//
                                        _____
11   Dated: September 12,. 2006         CHARLA R. DUKE
                                        LAW OFFICES OF CHARLA R. DUKE
12                                      Attorney for Plaintiffs

13                          **<u>DEMAND FOR JURY TRIAL</u>**

14

15        Plaintiff hereby demands a jury for all claims for which a jury is permitted.

16

17                                            //s//
                                        _____
18   Dated: September 12, 2006          CHARLA R. DUKE
                                        LAW OFFICES OF CHARLA R. DUKE
19                                      Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28